1  Nicole Hazlett (SBN 310052)
   nhazlett@consumerlawcenter.com
2  Krohn & Moss LTD.
   1112 Ocean Drive, Suite 301
3  Manhattan Beach, CA 90266
   Tel: (323) 988-2400
4  Fax: (866) 861-1390

5  Attorney for Plaintiff, SHANNON CARLSEN

6

7

8

                    **UNITED STATES DISTRICT COURT**
9                   **EASTERN DISTRICT OF CALIFORNIA**
                       **SACRAMENTO DIVISION**
10

11  SHANNON CARLSEN,                    )
                                        )
12            Plaintiff,                )  Case No.: 2:17-at-1143
         v.                             )
13                                      )  **COMPLAINT**
                                        )
14  SYNCHRONY BANK,                     )  (Unlawful Debt Collection Practices)
                                        )
15            Defendant.                )
                                        )
16  _____

17       NOW COMES Plaintiff, SHANNON CARLSEN ("Plaintiff"), by and through her

18  attorneys, and for her Complaint against Defendant, SYNCHRONY BANK ("Defendant"),

19  Plaintiff hereby alleges as follows:

20                            **INTRODUCTION**

21       This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act

22  ("TCPA"), 47 U.S.C. § 227 *et seq*. and Rosenthal Fair Debt Collection Practices Act

23  ("Rosenthal"), Cal. Civ. Code § 1788 *et seq.*

24  *///*

25  *///*

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises over Count I of Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim in Count II of Plaintiff's Complaint.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## PARTIES

3. Plaintiff is a natural person at all times relevant residing in Sacramento, California.

4. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

5. Defendant is a business entity with headquarters in Draper, Utah.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Around June, 2017, Plaintiff began receiving phone calls from Defendant on her cellular telephone.

8. Defendant placed calls to ▮▮▮▮▮▮▮, Plaintiff's cellular telephone.

9. These calls are not for emergency purposes.

10. These calls are made in connection with a credit card account.

11. Defendant called Plaintiff's cell phone on consecutive days, at times four times per day, including mornings, nights, and weekends.

12. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed these calls using an automatic telephone dialing system for purposes of the TCPA.

13. On or about June 22, 2017, Plaintiff spoke with Defendant and instructed Defendant to stop calling her cell phone on all accounts.

14. Defendant continued to call Plaintiff's cell phone after June 22, 2017.

15. Defendant continued to place calls to Plaintiff's cell phone on consecutive days, at times four times per day, including mornings, nights, and weekends.

16. Plaintiff estimates Defendant called her cell phone at least fifty-three (53) times.

17. Upon information and good faith belief, Defendant used an automatic telephone dialing system to place each and every call to Plaintiff's cell phone.

18. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

19. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

20. Defendant placed these calls voluntarily.

21. Defendant placed these calls under its own free will.

22. Defendant willfully used an automatic telephone dialing system to place these calls.

23. Plaintiff is annoyed and feels harassed by Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

1    **WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for the following:

2        (1)   Statutory damages of $500.00 for each and every negligent violation of the TCPA

3    pursuant to 47 U.S.C. § (b)(3)(B);

4        (2)   Statutory damages of $1500.00 for each and every knowing and/or willful violation

5    of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

6        (3)   All court costs, witness fees and other fees incurred; and

7        (4)   Awarding such other and further relief as may be just, proper and equitable.

8                                    <u>COUNT II</u>
    <u>DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION</u>
9                                <u>PRACTICES ACT</u>

10    26.  Defendant violated the Rosenthal based on the following:

11        (a) Defendant violated the § 1788.11(d) of Rosenthal by causing Plaintiff's telephone to

12        ring repeatedly or continuously to annoy the person called.

13        (b) Defendant violated § 1788.11(e) of Rosenthal by communicating, by telephone, with

14        the debtor with such frequency as to be unreasonable and to constitute a harassment to

15        the debtor under the circumstances.

16        (c) Defendant violated the §1788.17 of Rosenthal by continuously failing to comply with

17        the statutory regulations contained within the Fair Debt Collection Practices Act, 15

18        U.S.C. § 1692 et seq. to wit: Sections 1692d.

19        ///

20    **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

21        (1) Statutory damages of $1000.00 pursuant to Rosenthal, Cal. Civ. Code §1788.30(b),

22        (2) Costs and reasonable attorneys' fees pursuant to Rosenthal, Cal. Civ. Code §

23        1788.30(c), and

24        (3) Any other relief that this Honorable Court deems appropriate.

25

- 4 -

1

DATED:   October 30, 2017                    RESPECTFULLY SUBMITTED,

2

3                                                    By: /s/ Nicole L. Hazlett
                                                     Nicole L. Hazlett
                                                     Krohn & Moss, Ltd.
4                                                    1112 Ocean Drive
                                                     Suite 301
5                                                    Manhattan Beach, CA 90266
                                                     *Attorney for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT